639 So.2d 820 (1994)
James A. MAHLUM and Linda R. Mahlum, Plaintiffs-Appellees,
v.
Linda S. BAKER, et al., Defendants-Appellants.
No. 25,876-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1994.
*821 Lunn, Irion, Johnson, Salley & Carlisle by Marshall R. Pearce, John W. Wilson, Shreveport, for defendants-appellants.
Steven Soileau, Shreveport, Watson, Murchison, Crews, Arthur & Corkern by Ronald E. Corkern, Jr., Natchitoches, Stafford, Stewart & Potter by Russell Potter, Alexandria, for defendants-appellees.
Richard B. King, Jr., Shreveport, for plaintiffs-appellees.
Before SEXTON, VICTORY and BROWN, JJ.
*822 VICTORY, Judge.
Plaintiff-in-reconvention, Linda S. Baker, and defendant-in-reconvention, State Farm Mutual Automobile Insurance Company ("State Farm"), appeal an adverse summary judgment denying coverage under the terms of a mobile home insurance policy. We affirm.

FACTS
On September 16, 1990, ten-year-old James Peter Mahlum ("James") was riding a 1980 Honda "trail bike" on a path that intersected with Stonewall-Preston Road, near the town of Stonewall, Louisiana. Immediately after James exited the path and entered the road, he was struck and killed by a 1989 Chrysler LeBaron automobile driven by Linda S. Baker.
On May 14, 1991, the decedent's parents, James A. Mahlum and Joyce R. Mahlum, filed a wrongful death and survival action suit against Baker, and various other defendants. On September 13, 1991, Baker reconvened against the Mahlums, claiming that: (1) the accident was caused solely by James' fault and negligence, and that the Mahlums are vicariously liable for resultant damages; and (2) the Mahlums were independently negligent for failing to properly supervise James while he operated the trail bike. Thereafter, Baker amended her reconventional demand to name Trinity Universal Insurance Company ("Trinity"), the Mahlums' mobile home insurer, and State Farm, her own automobile liability insurer (uninsured motorist insurer), as defendants-in-reconvention.
On December 11, 1992, Trinity filed a motion for summary judgment seeking dismissal of Baker's reconventional demands. Relying on an automobile use exclusion in the policy, Trinity claimed that there was no coverage for the Mahlums' vicarious liability arising from James' alleged negligence, and that there was no coverage for liability arising from the Mahlums' alleged negligent supervision of James. Trinity's motion relied upon the following pertinent language contained in the policy:

C. Exclusions Applicable to Part III Comprehensive Personal Liability Insurance. Part III of this policy does not apply:

* * * * * *
5. under Personal Liability and Medical Payments, (Part III, paragraphs A and B)
a. to the ownership, maintenance, operation, use, loading or unloading of:

(1) automobiles or miscellaneous motor vehicles while away from the premises or the ways immediately adjoining, except under paragraph A. (Personal Liability) with respect to operations by independent contractors for non-business purposes of an Insured not involving automobiles owned or hired by the Insured. (Emphasis added.)
The contract defined a miscellaneous motor vehicle as "a land motor vehicle of the type commonly referred to as ... trail bike...." According to the contract, the premises included:
[T]he mobile home described in the Declarations, with the land upon which it rests while on blocks or leveling jacks with utilities connected and while not in transit, including grounds, carports and outbuildings incidental thereto, together with any private approaches under the exclusive control of the Named Insured. For purposes of Part III, the term shall include all premises where the Named Insured or his spouse maintains a mobile home residence and includes private approaches thereto under the control of the Named Insured.
The trial court granted Trinity's motion. Baker and State Farm appeal, claiming that: (1) the language of the policy exclusion is ambiguous and should be construed in favor of coverage; and (2) the policy exclusion does not preclude coverage for the Mahlums' negligent supervision of James because this negligence does not arise out of the "operation" or "use" of the trail bike. For the reasons stated, we affirm.

DISCUSSION
In order for the exclusion to apply, the Mahlums' alleged failure to properly supervise must arise out of James' "operation" or *823 "use" of a miscellaneous motor vehicle[1], "while away from the premises or the ways immediately adjoining."

WHILE AWAY FROM THE PREMISES OR THE WAYS IMMEDIATELY ADJOINING
Baker and State Farm argue that the phrase "while away from the premises or the ways immediately adjoining" is ambiguous, and that the exclusion should be interpreted in favor of coverage. They also contend that summary judgment was improperly granted because material questions of fact exist with regard to the location of the accident.
In order for policy language to be considered ambiguous, it must be susceptible to two or more equally reasonable interpretations. Sharif v. Ohio Casualty Insurance Company, 605 So.2d 657, 660 (La.App. 2d Cir.1992), writ denied, 608 So.2d 196 (La. 1992). Words and phrases used in the policy are to be interpreted in their ordinary and popular sense, rather than in a limited, philosophical or technical sense. If the policy language in question must be given a strained construction to deem the language ambiguous, the rule of policy interpretation which favors coverage is not to be applied. Sharff, supra, citing Ray v. Republic Vanguard Insurance Company, 503 So.2d 217 (La.App. 3d Cir.1987).
Baker and State Farm contend that the phrase "the ways immediately adjoining," is unclear. However, if we apply these terms in their ordinary and popular sense, a reasonable definition that comports with the nature and objective of homeowner's insurance appears evident. As a noun, a way is defined as, "a thoroughfare for travel or transportation from place to place" or "an opening for passage." Immediately is defined as, "in direct connection or relation." Adjoining is defined as, "touching or bounding at a point or line." Merriam-Webster's Collegiate Dictionary (10th ed. 1993). Applying these definitions, the "ways immediately adjoining," as used in the policy exclusion, means all passages used for travel or transportation, that are situated such that they are: directly connected with the premises; touching the premises; or bounding the premises.
This policy exclusion was designed to preclude all personal liability coverage arising from the operation or use of a motor vehicle "while away from the premises." Even those accidents occurring on the ways that touch or bound the premises are excluded. As in most homeowner's insurance policies, the critical inquiry is whether the accident occurred on or away from the premises. The phrase, "the ways immediately adjoining" is merely clarifying in nature. Any accident that occurs on the "ways immediately adjoining" is technically excluded as being "away from the premises," since the policy definition of premises does not encompass the ways immediately adjoining except for private approaches under the exclusive control of the named insured. Without this clarifying phrase, coverage would still be excluded for accidents occurring on the ways immediately adjoining the premises.
The parties do not dispute that Stonewall-Preston Road is not part of the premises as covered by the Trinity mobile home policy. Furthermore, it is clear that the parties concur that the accident occurred on Stonewall-Preston Road, immediately after James exited a path that intersected with the road. This is evidenced by allegations and admissions made in the pleadings and other filings contained in the record.[2]
In the Mahlums' petition for damages, they claimed that the accident occurred "on Stonewall-Preston Road approximately 4/10's [sic] of a mile west of U.S. Highway 171," and that the accident occurred after James "entered Stonewall-Preston Road and before he could leave the street." In their answer *824 to the Mahlums' petition for damages, Baker and State Farm alleged that James was comparatively negligent because he operated an off-road vehicle on a public thoroughfare. Baker and State Farm also alleged that the Mahlums were negligent in permitting their ten-year-old child to operate a motorcycle on state highways. Baker made similar allegations in her reconventional demand.
Additionally, in Trinity's motion for summary judgment, and Baker's and State Farm's opposition thereto, the parties claimed that the accident occurred after James left the dirt path and entered Stonewall-Preston Road. Finally, in Baker's deposition, she stated the accident actually happened on Stonewall-Preston Road.
Based on the foregoing, it is clear that no material questions of fact exist with regard to the location of the accident. The accident occurred on Stonewall-Preston Road, a public thoroughfare that does not comprise part of the premises.

"USE" OR "OPERATION" OF MOTOR VEHICLE
As noted, the exclusion does not apply unless liability arises from the "operation" or "use" of a miscellaneous motor vehicle. Baker and State Farm contend that summary judgment was improperly granted because the Mahlums' alleged failure to supervise James arises independently of his operation of the trail bike.
Recently, in Barber v. Lee, 597 So.2d 1163, 1165 (La.App. 1st Cir.1992), citing Manuel v. Luckett, 577 So.2d 203, 207 (La.App. 1st Cir. 1991), writ denied, 580 So.2d 378 (La.1991), our brethren of the Louisiana First Circuit Court of Appeal summarized the applicable legal standards for determining whether an automobile use exclusion precludes coverage.
To determine whether the automobile use exclusion applies, we must answer both of these questions affirmatively: (1) whether the conduct of the insured of which the plaintiff complains was a legal cause of injury? (2) whether it was a use of the automobile? Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982); Jones v. Louisiana Timber Co., Inc., 519 So.2d 333 (La.App.2d Cir.1988). To decide whether the insured's conduct was a legal cause of the accident, we must use duty-risk analysis. Carter, 423 So.2d at 1087. In deciding the issue of whether the risk resulting in a person's harm was within the duty imposed on an alleged tortfeasor, we answer two principal questions: (1) was the conduct complained of a cause in fact of the harm? (2) was the alleged tortfeasor under a duty to protect against the particular risk involved? Carter, 423 So.2d at 1084. As to the second requirement, in order for the harm to arise out of use, the automobile must be essential to the theory of liability. Picou v. Ferrara, 412 So.2d 1297 (La.1982). The specific duty breached by the insured must flow from the use of the automobile. Jones, 519 So.2d at 336. If the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of an automobile. Massey v. Century Ready Mix Corp., 552 So.2d 565 (La.App.2d Cir.1989), writ denied, 556 So.2d 41 (La.1990); Jones, 519 So.2d at 336.

1. Legal Cause
In order to conclude that the Mahlums' alleged negligent supervision legally caused the accident, we must find that: (1) the conduct complained of was a "cause-in-fact" of the harm; and (2) the Mahlums were under a duty to protect against the risk involved.
To satisfy the "cause in fact" inquiry, it must be shown that "but-for" the Mahlums' negligent conduct, the accident would not have occurred. Accepting the allegations of Baker's reconventional demand as true, but for the negligent supervision of James in riding the trail bike, the accident might have been avoided.
As to whether the Mahlums were under a duty to protect against the risk involved, it is well settled that parents and other custodians, have a duty to supervise a child to prevent injury to the child and others. Ryals v. Home Insurance Company, *825 410 So.2d 827, 836 (La.App. 3d Cir.1982), writ denied, 414 So.2d 375 and 376 (La.1982); and Carter v. Salter, 351 So.2d 312, 314 (La.App. 3d Cir.1977), writ denied, 352 So.2d 1045 (La.1977); William Shelby McKenzie & H. Alston Johnson, III, Insurance Law and Practice § 72, at 186-87, in 15 Louisiana Civil Law Treatise (1986). Clearly, part of this duty included the obligation to take measures that would prevent, or at least discourage, James from operating the trail bike in an unsafe manner. The primary consideration behind this duty being the protection of James and other drivers, including Baker.

2. "Use"
Next, it must be shown that the alleged harm arose out of the "operation" or "use" of the trail bike. The proper inquiry here is whether use of the automobile or motor vehicle is essential to the theory of negligence asserted against the Mahlums.
Baker has based the Mahlums' liability upon their alleged failure to supervise James. As noted, parents have a general duty to supervise and protect their children. This general duty is continuing in nature, and exists independently of the instrumentality which may result in harm. As part of this general duty to supervise and protect, there is a specific duty to protect against the risks of harm that can arise out of the "use" of a motor vehicle by children who are left in or with access to the vehicle. McKenzie & Johnson, supra. It is this "specific" duty that is at issue in the case at bar, not the "general" parental duty to supervise, protect and provide for children.
Thus, the question presented is whether the "operation" or "use" of a motor vehicle is essential to the alleged breach of this specific duty. To answer this question, we employ the "common sense" approach suggested by Messrs. McKenzie and Johnson in their treatise. McKenzie & Johnson, supra. Under this approach, most accidents resulting from the movement of a vehicle by an underaged child, either intentionally or accidentally, should be classified as arising out of "use" of the vehicle. Furthermore, any breach by the child's parents to prevent or supervise such a "use," will also be deemed to have arisen therefrom. However, this general rule should not be without exception. Each decision regarding whether the "use" of the automobile is an essential ingredient of the duty breached by the parents should be tempered by "common sense."[3]Cf. Fertitta v. Palmer, 252 La. 336, 211 So.2d 282, 285 (1968).
With this in mind, we specifically decline to follow Smith v. U.S.A.A. Casualty Ins. Co., 532 So.2d 1171 (La.App. 4th Cir.1988). In that case, suit was instituted on behalf of three minor plaintiffs who were injured after two four-wheel vehicles that they were operating collided. The four-wheel vehicles were owned by the defendants, who had taken their own children and some of their friends on a weekend trip to a hunting lodge. The plaintiffs predicated the defendants' liability upon negligent supervision of the minor children. The defendants' homeowner's insurer, also named as a defendant, denied coverage based upon an automobile use exclusion contained in the policy. The court held that the negligence asserted against the defendants was covered by the policy, concluding that their alleged failure to supervise arose independently of the operation of the four-wheel vehicles.
In Smith, supra, the court relied heavily upon Frazier v. State Farm Mutual Automobile Insurance Company, 347 So.2d 1275 (La. App. 1st Cir.1977), writ denied, 351 So.2d 165 (La.1977), and LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978), on remand, 373 So.2d 212 (1979). In Frazier, supra, the plaintiff's minor child was injured after being run over by a vehicle driven by the defendants' minor daughter. At the time of the accident, the defendants were babysitting the plaintiff's child. Plaintiff sued the defendants' automobile insurer, as well as their homeowner's insurer. The petition alleged two grounds of liability, namely, the defendants' failure to properly supervise the injured child while babysitting, and, the *826 defendants' vicarious liability for the negligent operation of the vehicle by defendants' daughter.
The defendants' homeowner's insurer filed a peremptory exception of no cause of action alleging no coverage, based upon an automobile use exclusion contained in the policy. Specifically, the homeowner's insurer claimed that the generating source of the accident was the alleged negligent operation of the automobile by defendants' daughter. According to the homeowner's insurer, plaintiff's claim was excluded since it was for bodily injury arising out of the use of a motor vehicle.
The court found that the first cause of action in the petition was obviously concerned with the homeowner's policy, while the second cause of action in the petition was based upon the automobile insurance policy. The court found that the automobile use exclusion contained in the homeowner's policy did not preclude coverage for the defendants' liability arising from their failure to properly discharge their babysitting responsibilities, because these babysitting responsibilities did not arise out of the "use" of the automobile.
In LeJeune, supra, an accident occurred at a highway intersection controlled by flashing yellow and red lights. A vehicle on the favored highway crashed into a hearse, leading a funeral procession, as it travelled through the intersection. The deputy sheriff assigned to escort the procession was found negligent in failing to secure the intersection. The deputy's professional liability insurer denied coverage, based upon an automobile use exclusion in the policy. Specifically, the insurer argued that the deputy was negligent in failing to block the intersection with his police car and utilize his emergency lights to warn approaching motorists.
The Louisiana Supreme Court found that the exclusion did not apply because the deputy's act was the result of negligence independent of, even though concurring with, the use of the automobile. The deputy's negligence was found to have been his failure to secure the intersection, not his negligent use of the vehicle, although the vehicle could have been used to secure the intersection.
Careful consideration of Frazier and LeJeune, supra, reveals that they are distinct from Smith, supra. The problem has been concisely stated by Messrs. McKenzie and Johnson in their criticism of Smith, supra:
The Court's reliance on Frazier and Lejeune in reaching this conclusion was misplaced. The child being supervised by the insureds in Frazier was not using the automobile; the child's only relationship to the auto was being struck by it. In Smith, the children were using the recreational vehicles, and any breach of duty by the insureds clearly arose solely out of their failure to supervise such use. Use of the vehicle was essential to the theory of liability. Likewise, the duty breached by the deputy sheriff in LeJeune related to stopping traffic on an intersecting highway, not to the use of his police vehicle. Thus, the duty to protect the intersection existed independently of any duty with respect to the use of that police vehicle. In Smith, however, the only relevant duty allegedly breached by the insureds was their failure to supervise children who were actually using the vehicles. Such breach of duty is analogous to the negligent entrustment discussed in Picou[4] in which the Supreme Court found that the breach arose out of use because the vehicle was essential to the theory of liability.
McKenzie & Johnson, supra, § 72, 1990 Pocket Part at 15-16.
In the case at bar, the child under supervision, James, was operating or using the trail bike when the accident occurred. He was not a passive victim as the child in Frazier, supra. The Mahlums' alleged negligence *827 is firmly grounded in supervision of James' "use" or "operation" of the trial bike, and use of the trail bike is essential to the theory supporting their alleged liability from improper supervision. To find otherwise, as Baker and State Farm suggest, would effectively create an automobile insurance contract out of a mobile home insurance policy that was designed and intended to cover liability resulting from incidents occurring on the insured premises. Cf. Hurston v. Dufour, 292 So.2d 733 (La.App. 1st Cir.1974), writ denied, 295 So.2d 178 (La.1974).
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that: (1) there are no genuine issues of material fact; and (2) the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Barnco International, Inc. v. Arkla, Inc., 628 So.2d 162, 167 (La.App. 2d Cir. 1993); and Ouachita National Bank v. Palowsky, 570 So.2d 114 (La.App. 2d Cir.1990). The burden of proof is on the mover to establish that there are no genuine issues of material fact. Only when reasonable minds must inevitably concur is summary judgment warranted. Ouachita, supra.
When interpreting an insurance policy, the contract between the insured and his carrier constitutes the law between the parties. Hartford Accident & Indemnity Company v. Joe Dean Contractors, Inc., 584 So.2d 1226, 1229 (La.App.2d Cir.1991). Thus, the agreement will be enforced as written if the policy terminology at issue is clear and expresses the intent of the parties. Hartford, supra.
We find the automobile use exclusion at issue to be unambiguous, and conclude that it was designed to exclude liability arising from the operation or use of a motor vehicle while away from the insured premises. Additionally, summary judgment was properly granted because no material factual questions exist with regard to the location of the accident. The record before us shows that the accident occurred on Stonewall-Preston Road, away from the insured premises. Any negligence on the part of the Mahlums stemming from their failure to properly supervise James while riding the trail bike, must be dependent on his "use" thereof. Under the facts presented here, the automobile use exclusion precludes coverage to the Mahlums for liability resulting from their alleged negligent supervision of James while he was riding the trail bike.

DECREE
For the reasons stated, the lower court's summary judgment in favor of Trinity is affirmed. All costs are assessed to appellants.
AFFIRMED.
BROWN, Judge, dissenting.
By issuing the homeowner's policy, Trinity agreed to protect the insured against liability for certain risks. Improper supervision of a minor would normally be a covered risk. The rules of construction of an insurance policy are clear. If the question is whether the policy is sufficiently broad to cover an asserted claim, the policy is to be construed so as to favor coverage. The insurer bears the burden of establishing the applicability of an exclusion, and any ambiguity must be strictly held against the insurer.
Summary judgment is not proper when material factual questions remain unresolved. This record is noteworthy for its lack of information. The insurer/mover presented only its policy. Linda Baker's deposition (attached to another party's motion) provides the only information about the accident. She was the fifth grade teacher of the child killed in this accident. She lived in the vicinity and on prior occasions had seen the child riding the dirt bike "on the side of the road." This accident happened quickly. She stated that the 10-year-old child came from a wooded area and the dirt bike was "touching the edge of the road." An interpretation of this testimony could be that the child came from the woods to ride on the edge of the property. The location of the premises covered by the policy was never shown. This fact could be significant in determining coverage.
The operation of the recreational off-road bike resulted in this accident, but it was not *828 necessarily an essential element of the theory of liability. The insurer under a homeowner's policy has an extremely broad duty to defend unless it demonstrates that the allegations of the complaint place the action entirely within an exclusion. One of the theories of liability relates to the independent conduct of the parents. Improper supervision has many possibilities, including that a negligently stored bike would be taken without permission. As presented by the record, this independent theory of liability does not necessarily fall within the automobile use exclusion.
I respectfully disagree that summary judgment was proper.
NOTES
[1] The parties do not dispute that the trail bike qualifies as a miscellaneous motor vehicle.
[2] Although Trinity submitted only a copy of the insurance policy in support of its motion for summary judgment, it is proper to consider the entire record when deciding whether summary judgment is appropriate. LSA-C.C.P. Art. 966; Bryant v. Gillespie Well Service, Inc., 537 So.2d 788, 792 (La.App.2d Cir.1989); Sanders v. City of Blanchard, 438 So.2d 714, 717 (La.App.2d Cir. 1983); and Banes v. Prinz, 185 So.2d 50, 52 (La.App. 4th Cir.1966).
[3] For an example of a situation where common sense dictates finding that the accident did not arise out of the "use" of a motor vehicle, see Tucker v. State Farm Mutual Automobile Ins. Co., 154 So.2d 226 (La.App.2d Cir.1963).
[4] In Picou v. Ferrara, 412 So.2d 1297 (La.1982), the plaintiff's motorcycle was struck by an automobile owned by an employee of the defendant-corporation. Plaintiff alleged that the defendant-corporation was liable for negligence in hiring an incompetent driver. The corporation's general liability insurer, also named as a defendant, denied coverage relying on an automobile use exclusion in the policy. Focusing upon the theory of liability asserted, the Louisiana Supreme Court found that coverage was excluded. "Use" of the automobile was deemed essential to the defendant-corporation's alleged liability for the negligent choice of the driver.