722 So.2d 86 (1998)
Bonnie M. RAMBO
v.
Steve W. WALKER, Herman J. Walker, Ruth P. Walker, et al.
No. 97 CA 2371
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
Writ Denied January 29, 1999.
*87 Craig S. Watson, Jerry F. Pepper, Baton Rouge, for Appellant Bonnie M. Rambo.
Shannon Howard-Duhon, New Orleans, for Appellee Universal Trinity Insurance Company.
Before SHORTESS, C.J., and CARTER and WHIPPLE, JJ.
CARTER, J.
This is an appeal from a trial court judgment granting a motion for summary judgment.

FACTS AND PROCEDURAL HISTORY
On August 27, 1994, plaintiff, Bonnie M. Rambo, a guest passenger in a vehicle driven by Steve W. Walker, was involved in an automobile accident, resulting in injury to plaintiff. On August 28, 1995, plaintiff[1] filed a personal injury action against: Steve W. Walker; his parents, Herman J. Walker, Sr. and Ruth Parker Walker; Mr. and Mrs. Walker's homeowners liability insurer, DEF Insurance Company;[2] the Steve W. Walker Trust; the State of Louisiana, through the Department of Public Safety, Office of Motor Vehicles, Driver Management Bureau; International Indemnity Company; and the Parish of Livingston.[3]
On April 26, 1996, Trinity Universal Insurance Company ("Trinity")[4] filed a petition for declaratory judgment, alleging that: it issued Herman J. Walker, Jr. a homeowners policy in effect from March 10,1994 to March 10, 1995; its policy provides no coverage for the acts, omissions, and/or negligence of Steve W. Walker and/or the 1988 Grand Am involved in the accident; its policy provides no coverage for the claims asserted against Herman J. and Ruth Parks Walker as contained in plaintiff's petition; and, the policy contains exclusions which clearly and unambiguously exclude coverage for the claims alleged against Herman J. and Ruth Parks Walker and/or Steve W. Walker. Thereafter, Trinity filed a motion for summary judgment seeking judgment in its favor on the coverage issues.
The trial court rendered judgment on March 14, 1997, dismissing plaintiff's demand, with prejudice, against Trinity and declaring that there is no coverage under Trinity's policy issued to Herman Walker for the claims of plaintiff, Bonnie M. Rambo, against Steve Walker, Ruth Parks Walker, The Steve W. Walker Trust or Herman Walker, contained in plaintiff's petition. From this judgment, plaintiff appeals and assigns as error the granting of Trinity's motion for summary judgment and the trial court holding that the homeowners policy provides no coverage for the personal liability of Mr. and Mrs. Walker with regard to plaintiff's personal injuries.
*88 MOTION FOR SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29; Kidd v. Logan M. Killen, Inc., 93-1322, p. 4 (La.App. 1st Cir.5/20/94); 640 So.2d 616, 618; Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1st Cir.1993), writ denied, 94-0700 (La.4/29/94); 637 So.2d 467; Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969. The procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Sanders v. Ashland Oil, Inc., 696 So.2d at 1035.
The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d at 325; Kidd v. Logan M. Killen, Inc., 640 So.2d at 618-19; Sanders v. Ashland Oil, Inc., 696 So.2d at 1034. A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Miramon v. Woods, 25,850, p. 10 (La.App. 2nd Cir.6/22/94); 639 So.2d 353, 359; Kidd v. Logan M. Killen, Inc., 640 So.2d at 619; Jarrell v. Carter, 632 So.2d at 323.[5] Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, a Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988). Since the resolution of the issue before this court turns on the application of the facts in the instant case to the disputed policy of insurance, we next examine the law relative to the interpretation of contracts of insurance.

INSURANCE POLICY INTERPRETATION
An insurance policy is a contract between the insured and the insurer and has the effect of law between the parties. Dunn v. Potomac Insurance Company of Illinois, 94-2202, p. 5 (La.App. 1st Cir.6/23/95); 657 So.2d 660, 663; Freyoux v. Estate of Bousegard, 484 So.2d 761, 762 (La.App. 1st Cir.), writ denied, 486 So.2d 753 (La.1986). The judicial responsibility in interpreting contracts *89 is to determine the common intent of the parties. Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 93-0911, p. 5 (La.1/14/94); 630 So.2d 759, 763.
The parties' intent, as reflected by the words of the policy, determines the extent of coverage. Such intent is to be determined in accordance with the plain, ordinary, and popular sense of the language used in the policy, unless the words have acquired a technical meaning. LSA-C.C. art.2047; Ledbetter v. Concord General Corp., 95-0809, pp. 3-4 (La.1/6/96); 665 So.2d 1166, 1169, amended, 95-0809 (La.4/18/96); 671 So.2d 915. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. LSA-C.C. art.2050; Epps v. City of Baton Rouge, 604 So.2d 1336, 1349 (La.App. 1st Cir.1992). An insurance contract should not be given an interpretation which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or which would lead to an absurd conclusion. Coates v. Northlake Oil Company, 499 So.2d 252, 255 (La.App. 1st Cir.1986), writ denied, 503 So.2d 476 (La. 1987). If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); Sanders v. Ashland Oil, Inc., 94-1469, p. 6 (La.App. 1st Cir.5/5/95); 656 So.2d 643, 647, writ denied, 95-1797 (La.11/3/95); 661 So.2d 1389. The court should not strain to find ambiguity where none exists. Strickland v. State Farm Insurance Companies, 607 So.2d 769, 772 (La.App. 1st Cir.1992).
On the Declarations page of the Trinity policy, Herman J. Walker is listed as the named insured, and the policy lists the premises covered by the policy as 30837 Burgess Road, Denham Springs, Louisiana, 70726. The policy further states:
In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:
....
3. "Insured" means you and residents of your household who are:
a. Your relatives; or
b. Other persons under the age of 21 and in the care of any person named above....
In the section of the policy entitled "Exclusions," it is stated:
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to "bodily injury" or "property damage":
....
f. Arising out of:
(1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";
(2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or
(3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
In response to plaintiff's first interrogatories to defendant, Steve W. Walker named as his residence 30837 Burgess Road, Denham Springs, Louisiana, 70726, the premises insured by Trinity. No contradictory evidence appears in the record.[6] Although this fact makes Steve W. Walker an insured as defined in the Trinity policy, coverage for his liability arising from the motor vehicle accident with which we are concerned herein, is unambiguously excluded pursuant to exclusion (1)(f)(1), quoted above. However, plaintiff raises another issue.
Plaintiff argues that Steve Walker's parents "had a duty to protect third persons *90 from the dangerous propensities of Steve Walker, due to his infirmities and their de facto status as his custodian," and that, "such a duty would surely include the risk that Steve Walker would engage in irresponsible substance abuse and negligently operate a dangerous instrumentality such as an automobile."
We agree with the position taken by our brethren of the Second Circuit in Oaks v. Dupuy, 26,729, pp. 3-4 (La.App. 2nd Cir.4/5/95); 653 So.2d 165, 167-68, writ denied, 95-1145 (La.6/16/95); 655 So.2d 335. As in the instant case, the plaintiff in Oaks sought to have the court consider the applicability of a homeowners policy, without applying the automobile use exclusion, to the actions of the parents in facilitating the major son's use of a vehicle given their alleged knowledge of his propensity to drink and drive. In Oaks, it was alleged that the owner of the vehicle had negligently entrusted the vehicle to his major son. The policy exclusion under consideration therein stated, "This insurance does not apply ... [t]o bodily injury or property damages arising out of the ownership, maintenance, operation, use, loading or unloading of ... any automobile...." Oaks v. Dupuy, 653 So.2d at 166, n. 3. The Oaks policy did not contain the additional provisions that we are presented with in the Trinity policy concerning exclusion of liability for entrustment or vicarious liability with regard to a motor vehicle. Yet, the Oaks court found the exclusion applicable to the circumstances of that case and upheld the trial court's summary judgment dismissing the insurance company. In so doing, the Oaks court held that since personal injury could not have occurred absent the use of the vehicle, the operation and use of the vehicle is an essential element of plaintiff's cause of action. To conclude otherwise would be to disregard common sense and attempt to play word games. Oaks v. Dupuy, 653 So.2d at 168.
We believe the policy provisions before us present an even stronger case for the application of the exclusionary provision. While we recognize plaintiff's case herein is not based on entrustment since Steve W. Walker allegedly owned the vehicle he used on the night of the accident, plaintiff alleged that Steve W. Walker's parents provided him with funds to purchase automobile liability insurance, thereby facilitating his operation of a vehicle upon public streets. Still, it is clear from a reading of Trinity's automobile use exclusion in the homeowner's policy, that the parties to this contract of insurance intended the policy to exclude coverage for any liability involving the use or facilitation of the use of a motor vehicle. Therefore, we find the trial court properly rendered judgment finding no coverage under the policy.[7]

CONCLUSION
For the reasons stated herein, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.
NOTES
[1] While this appeal was pending, Bonnie Rambo died from natural causes unrelated to the injuries involved in this litigation. Kathy Owens Martin, Ms. Rambo's daughter, has been substituted as party plaintiff.
[2] It is evident from the record that plaintiff, in naming DEF Insurance Company, was referring to Trinity Universal Insurance Company, discussed hereinafter.
[3] Judgment was rendered in favor of the State of Louisiana on July 15, 1996, on its motion for summary judgment, dismissing plaintiff's claims as to that defendant. On April 28, 1997, plaintiff filed a motion for partial dismissal, seeking the dismissal of International Indemnity Company, which was granted by the court.
[4] See footnote 2 supra.
[5] What constitutes a "genuine issue of material fact" was statutorily defined by 1997 La. Acts No. 483, which amended LSA-C.C.P. art. 966(C)(2) to read as follows:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Although the trial court judgment was rendered prior to the enactment of Act 483, §4 of that Act evidences the Legislature's intent that since the Act merely clarifies existing law, it should be applied retroactively. See LSA-C.C. art. 6. Cf. Reichert v. State, Department of Transportation, 96-1419, 96-1460, p. 7 (La.5/20/97); 694 So.2d 193, 199.
[6] While Trinity's attorney stated, during the trial court hearing on the motion for summary judgment, that Steve Walker "[a]rguably ... wasn't living in his parents home," no evidence was presented to this effect.
[7] Moreover, we are convinced the jurisprudence is correct in finding that there is no liability of parents for the acts of their major children. MVG v. Lucas, 590 So.2d 1322, 1325 (La.App. 1st Cir.1991); Brisco v. Fuller, 623 So.2d 196, 199 (La.App. 2nd Cir.1993); Corley v. Delaney, 629 So.2d 1255, 1258 (La.App. 3rd Cir.1993), writs denied, 94-0481, 94-0636 (La.4/22/94); 637 So.2d 156; Shaw v. Hopkins, 338 So.2d 961, 962-3 (La.App. 4th Cir.1976). Cf. Rebennack v. LeBlanc, 519 So.2d 209, 211 (La.App. 5th Cir. 1988).