775 So.2d 643 (2000)
FLEMING NOVELTY, INC., Plaintiff-Appellant,
v.
Brad ALEXANDER, et al., Defendants-Appellees.
No. 34,346-CA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2000.
*644 McConnell & Slattery, By John B. Slattery, Jr., Springhill, Counsel for Appellant, Fleming Novelty.
Casten & Pearce, By Layne A. Clark, Jr., Shreveport, Counsel for Appellee, Brad Alexander.
Cook, Yancey, King & Galloway, By Kenneth Mascagni, Shreveport, Counsel for Appellee, Progressive Security.
*645 Before BROWN, WILLIAMS, PEATROSS, KOSTELKA and DREW, JJ.
BROWN, J.
The trial court granted summary judgment to defendant insurer, Progressive Security Insurance Company, finding that Progressive gave timely notice of cancellation of an automobile insurance policy after it discovered that the insured, Malcolm Rolland, had a previous policy cancelled for non-payment of the premium. The question is whether the ten days notice of cancellation of coverage for "non-payment of premium," provided for in the policy and permitted by statute, can be applied in this instance when the premium was actually paid but there existed a debt on a previously cancelled policy. We reverse and remand.

FACTS
The insured paid the premium for the policy in question on September 24, 1997; however, it was subsequently discovered (date unknown) that he had a previously issued policy that was cancelled two months earlier on July 25th for non-payment of the premium. After receiving and accepting payment on the instant policy through its agent, Progressive sent a cancellation notice of the instant policy on September 30th effective as of October 20, 1997. The reason for cancellation was stated in the notice as: "UNPAID BALANCE ON PREVIOUS PROGRESSIVE POLICY." Thereafter, on October 26, 1997, a permittee of the insured was involved in an accident, which damaged a building owned by plaintiff, Fleming Novelty, Inc.
There are no issues of fact in this case. The sole question is whether the notice of cancellation complied with the language of the policy in question and the law regarding the effective date of cancellation. The policy provides that the insurer will give ten days notice before the effective date of cancellation for "non-payment of premium." If the policy is cancelled on any other grounds, the policy provides that notice will be mailed at least 30 days prior to the effective date of cancellation. Hence, the issue is whether the phrase "non-payment of premium," includes a debt owed on a previously issued and cancelled policy.

DISCUSSION
La. R.S. 22:636.1(D) provided at the time period in question that:
No notice of cancellation of a policy to which Subsection B[1] or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given.
Non-payment of premium is defined as "failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium." La. R.S. 22:636.1(A)(6). To be effective, a notice of cancellation for nonpayment of premium must be mailed to the insured at the address shown in the policy at least ten days prior to cancellation, accompanied by the reason therefor. See La. R.S. 22:636.1(D)(1) and (F). State Farm Mutual Automobile Insurance Co. v. Villneuve, 98-2421 (La.App. 1st Cir.12/28/99), 747 So.2d 777, writ denied, 00-0273 (La.03/24/00), 758 So.2d 156.
The trial court in the instant case interpreted "non-payment of premium" as the failure to pay premiums on any policy, past or present. It reasoned that if the definition *646 applied only to the policy sought to be cancelled, "when someone gets cancelled for non-payment they just go to another agent, try to get a policy with perhaps the same company and then the company is hung." We disagree.
An insurer may cancel coverage for any reason if the policy has been issued for less than 60 days. La. R.S. 22:636.1(B)(2). Johnson v. Davis, 95-1425 (La.App. 4th Cir.03/05/97), 690 So.2d 995, writ denied, 97-0788 (La.05/01/97), 693 So.2d 734. Thus, the trial court incorrectly concluded that the insurer would be "hung" unless the provision for cancellation for non-payment of the premium included non-payment on a previous policy. On the contrary, the insurer can cancel the policy for any reason within the first 60 days of the policy.
An insurance policy is a contract which constitutes the law between the parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 93-0911 (La.01/14/94), 630 So.2d 759; Adams v. Falcon Equipment Corp., 30,754 (La.App.2d Cir.08/21/98), 717 So.2d 282, writ denied, 98-2472, 98-2451 (La.11/20/98) 729 So.2d 1, 561. The agreement will be enforced as written if the policy terminology expresses the intent of the parties. Oaks v. Dupuy, 26,729 (La. App. 2d Cir.04/05/95), 653 So.2d 165, writ denied, 95-1145 (La.06/16/95), 655 So.2d 335; Krider v. Dixon, 609 So.2d 1089 (La. App. 2d Cir.1992); Smith v. Western Preferred Casualty Company, 424 So.2d 375 (La.App. 2d Cir.1982), writ denied, 427 So.2d 1212 (La.1983); Niven v. Boston Old Colony Insurance Company, 94-348 (La. App. 5th Cir.11/16/94), 646 So.2d 1108, writ denied, 94-3067 (La.02/09/95), 649 So.2d 422. The parties' intent, as reflected by the words in the policy, determines the extent of coverage. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. Louisiana Insurance Guaranty Association. supra.
Ambiguity in an insurance contract must be resolved according to the general rules governing contract interpretation and the policy must be construed as a whole; one policy provision is not to be construed separately at the expense of disregarding other provisions. Id.; Breland v. Schilling, 550 So.2d 609 (La.1989); John Bailey Contractor, Inc. v. State Department of Transportation and Development, 439 So.2d 1055 (La.1983). Ambiguity will also be resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered. Breland, supra. Although ambiguities should be construed in favor of the insured and against the insurer, courts lack authority to alter or strain policy terms under the guise of contractual interpretation when provisions are couched in unambiguous language. Oaks, supra. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Valentine v. Bonneville Insurance Company, 96-1382 (La.03/17/97), 691 So.2d 665; Louisiana Insurance Guaranty Association, supra; Adams, supra.
In the instant case, Progressive cancelled the policy because the insured owed a debt on a previous policy that it had cancelled two months earlier. The reason stated in the notice of cancellation was for an "unpaid balance on previous Progressive policy." The insurer did not use the language of its own policy, that is, "nonpayment of premium." In fact, the insured had paid the premium on the policy in question.
Alternatively, Progressive argues that it gave the insured 20 days notice and La. R.S. 22:636 permits cancellation of a *647 policy for any reason within the first 60 days with not less than 20 days notice. Progressive's policy terms, however, required that 30-day notice be given under such circumstances. The insurance contract is clear and unambiguous on this point. The longer period provided by the contract would control over the lesser term allowed but not required under La. 22:636.
Accordingly, summary judgment was improvidently granted. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant-appellee, Progressive Security Insurance Company.
REVERSED AND REMANDED.
KOSTELKA, J., dissents with written reasons.
KOSTELKA, J., dissenting.
I must respectfully dissent. Only ten days' notice is required to cancel a policy for nonpayment of premium. La. R.S. 22:636.1(A)(6) makes no distinction between a premium on a current insurance policy or an earlier one. There is no ambiguity of terms here. I would affirm the trial court.
NOTES
[1] Subsection B lists several grounds authorizing cancellation including "non-payment of premium."