CRAIN, J.
12An insurer appeals a summary judgment finding coverage for the plaintiffs’ claims under an excess general liability policy. Finding that coverage is unambiguously excluded under the policy, we reverse and render judgment in favor of the insurer.
*1201 FACTS AND PROCEDURAL HISTORY
Joshua Petrozziello is a professional stunt performer who was employed by Flypaper Productions, LLC. While attempting a stunt during a movie production, Joshua suffered injuries when a piece of equipment allegedly malfunctioned. He and his wife, Jennifer Petrozziello, sued several parties, including Noway, Inc., the manufacturer and operator of the piece of equipment, and Employers Fire Insurance Company, an insurer that issued primary and excess general liability policies to Flypaper. The Petrozziellos alleged that Noway is an additional insured under the Employers policies by .virtue of a lease agreement between Noway and Flypaper.
The parties eventually settled all of the claims except for the Petrozziellos’ claim against Employers under the excess liability policy. As to that claim, the sole issue is the applicability of an endorsement to the policy that excludes coverage for injuries sustained by an “employee of any insured” arising out of and in the course of the employment.[1] That issue was presented to the trial court for determination in motions for summary judgment filed on behalf of each party.[2]
The parties stipulated that at the time of the accident, Joshua was an employee of Flypaper, the named insured in the excess policy, and that his injuries occurred in the course of that employment. Based upon those undisputed facts, | (¡Employers asserted that the following provision, sometimes referred to as the “employee-injury exclusion,” precludes coverage for the Pe-trozziellos’ claims:
This insurance does not apply to any liability arising out of any:
a. ‘Bodily injury’ ... to any current or former ‘employee’ of any insured arising out of and in the course of:
(1) Employment by any insured; or
(2) Performing duties related to the conduct of any insured’s business ....
This exclusion' applies to all claims and ‘suits’ by any person or organization for damages because of such injury or liability .... It applies whether any insured may be held liable as an employer or in any other capacity. ...
Employers argued that the exclusion applies because Joshua was an “employee of any insured,” meaning Flypaper, and his injuries occurred in the course of that employment.
' The Petrozziellos countered that the employee-injury exclusion must be construed in harmony with a policy provision captioned “Separation of Insureds,” which provides:
Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first named insured, this insurance applies:
a. As if each named insured were the only named insured; and
b. Separately to each insured against whom claim is made or ‘suit’ is brought.
Focusing on subpart b., the Petrozziellos maintained that the employee-injury exclusion, and particularly the phrase “employee of any insured,” must be applied to Noway separately. When applied in that *1202 manner, according to the Petroziellos, the sole issue is whether Joshua was an employee of Noway. Joshua was not an employee of Noway, so, under this interpretation, the exclusion does not apply.
|/The trial court agreed with the Petroz-ziellos and, in a judgment signed on May 21, 2015, granted summary judgment in their favor, declaring that the employee-injury exclusion does not apply. In the same judgment, the trial court denied Employers’ motion for summary judgment. Employers appeals and seeks review of both the granting of the Petrozziellos’ motion for summary judgment and the denial of its motion for summary judgment.[3]
DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966B(2).[4] In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
Interpretation of an insurance policy usually involves a legal question that can be resolved properly in the framework of a motion for summary judgment. Bonin v. Westport Insurance Corporation, 05-0886 (La. 5/17/06), 930 So.2d 906, 910. An insurance policy is a contract between the parties and should be construed fusing the general rules of interpretation of contracts set forth in the Civil Code. Bonin, 930 So.2d at 910. Interpretation of a contract is the determination of the common intent of the parties. La. Civ. Code art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. Civ. Code art. 2046. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. See La. Civ. Code art. 2047; Bonin, 930 So.2d at 910.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Bonin, 930 So.2d at 910-11. Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer’s liability and impose and enforce reasonable conditions upon the policy obligations the insur *1203 er contractually assumes. Bonin, 930 So.2d at 911. If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. Bonin, 930 So.2d at 911.
The employee-injury exclusion in Employers’ excess policy plainly states that the insurance does not apply to any liability for bodily injury to an “employee of any insured” arising out of the course of the employment. This provision is not ambiguous. The words “any insured” mean just that—any insured. See Bonin, 930 So.2d at 914 (“ ‘any INSURED’ refers to any unspecified insured”); Osbon v. National Union Fire Insurance Company, 632 So.2d 1158, 1160 (La. 1994) (recognizing that “a majority of courts interpret ‘any insured’ as applying to all insureds as defined by the policy”). Thus, the exclusion applies to any liability ^arising out of injuries sustained by Joshua during the course of his employment with any insured under the policy.
We find that the scope of the exclusion is not limited by the separation-of-insureds provision, which, in relevant part, states only that the insurance applies “[sjeparately to each insured against whom claim is made or ‘suit’ is brought.” Courts have recognized that such a provision is intended to clarify which insured is “the insured” when that phrase appears in a policy. See Stewart Title, Guaranty Co. v. Kiefer, 984 F.Supp. 988, 997 n.7 (E.D. La. 1997); Michael Carbone, Inc. v. General Accident Insurance Co., 937 F.Supp. 413, 419 (E.D. Pa. 1996). However, a thorough review of the history and intent of this provision is not necessary to dispose of the issues on this appeal, because we conclude that the provision cannot reasonably be construed in the manner suggested by the Petrozziel-los.
The plaintiffs propose that, under a reasonable construction of the provision, the insured who has been sued, in this instance Noway, becomes the only insured under the policy. Under this rationale, when the employee-injury exclusion is interpreted, the phrase “employee of any insured” is necessarily limited to an employee of Noway, as no other insureds exist under' the policy. The flaw in this reasoning is that the separation-of-insureds provision contains no language suggesting that Noway, once sued, becomes the only insured under the policy.
The first subpart of the separation-of-insureds provision is directed at named insureds and states that the insurance applies “[a]s if each named insured were the only named insured.” In contrast, the second subpart, which Noway relies upon, provides that the insurance applies “[s]ep-arately to each insured against whom claim is made or ‘suit’ is brought.” That subpart does not declare that such insureds are the only insureds under the policy; it simply directs that the |7insurance applies separately to each insured. Applying the insurance “separately’ to Noway does not, as suggested by the Petrozziellos, render Noway the ■ only insured under the policy. Flypaper, at all times, remains the named insured under the policy.
For support, the plaintiffs cite Sanders v. Ashland Oil, Inc., 94-1469 (La.App. 1 Cir. 5/5/95), 656 So.2d 643, 648, writ denied, 95-1797 (La. 11/3/95), 661 So.2d 1389. In that case, the court initially had to determine whether a defendant was as an insured under a policy issued to his employer, a matter that is not an issue in the present case. See Sanders, 656 So.2d at 647. The court, relying on a definition of “insured” that included executive officers and directors of the named insured, found that the employee was an insured under *1204 the policy. See Sanders, 656 So.2d at 647-48. The court also observed that the employee was entitled to coverage up to the policy limits, and cited a policy provision identical to the separation-of-insureds clause in the present policy. The court stated that the provision “makes it clear that, subject to the limits of the policy, each insured has separate coverage as if each were separately insured with a distinct policy of insurance.” Sanders, 656 So.2d at 648.
The Sanders court utilized the separation-of-insureds provision to buttress its finding that the employee was separately insured under the policy up to the policy limits. The Petrozziellos seize on the quoted statement as authority for their assertion that the provision mandates that Noway be considered the only insured under the policy. But, at no point did the Sanders court suggest that for purposes of interpreting other policy conditions, the defendant-insured should be considered the only insured under the policy. Such an approach is wholly incompatible with ^multiple provisions in the present policy, particularly endorsements that anticipate the existence of multiple insureds,[5]
One such endorsement is the “Cross Suits” provision that excludes coverage for suits “by any insured against any other insured.” If, as argued by the Petrozziel-los, the insured seeking coverage is considered the only insured under the policy, this exclusion could never be applicable because it would contemplate the insured suing himself. Similarly, the use of the phrase “any insured” in the employee-injury exclusion acknowledges the possibility of multiple insureds; however, under the Petrozziellos’ proposed policy interpretation, the exclusion would always be limited to employees of only one insured, i,e., the insured seeking coverage. The language of the exclusion would effectively be changed from “any insured” to “the insured,” two phrases that are substantially different. See Bonin, 930 So.2d at 912-13; Osbon, 632 So.2d at 1159-60.
A similar argument was raised in Oaks v. Dupuy, 26,729 (La.App. 2 Cir. 4/5/95), 653 So.2d 165, 168, writ denied, 95-1145 (La. 6/16/95), 655 So.2d 335, wherein the plaintiffs asserted that a separation-of-insureds provision limited an exclusion applicable to the use of automobiles owned by “any insured,” arguing that the provision confined the exclusion to automobiles owned by the insured seeking coverage. Rejecting the argument, the court explained:
The use exclusion, however, refers to automobiles owned by “any insured.” That unambiguous language, then, should not be misshaped through an overreading of the provision noted by plaintiffs. Such tortured constructions, seizing on every word as a possible source of 19confusion, fail to demonstrate ambiguity and will be dismissed as mere sophistry.
Oaks, 653 So.2d at 168.
We agree. The phrase “any insured” in the employee-injury exclusion is clear and explicit. It is neither modified nor rendered ambiguous by any reasonable interpretation of the separation-of-insureds provision in the present policy. When applied to the undisputed facts of this case, the *1205 employee-injury exclusion precludes coverage for any liability arising out of the injuries sustained by Joshua during the course of his employment with Flypaper. See Oaks, 653 So.2d at 168; Spell v. Mallett, Inc., 06-1477 (La.App. 3 Cir. 5/2/07), 957 So.2d 262, 267 (holding that exclusion applicable to “employee of any insured” precluded coverage for claims filed by named insured’s employee against additional insureds); see also Petticrew v. ABB Lummus Global, Inc., 53 F.Supp.2d 864, 871 (E.D. La. 1999) (holding that exclusion applicable to “employee of any insured” barred coverage for claims by named insured’s employee and rejecting argument that the exclusion was rendered ambiguous by a similar separation-of-insureds provision).[6]
The trial court erred in granting summary judgment in favor of the Petrozziel-los and in denying the motion for summary judgment filed on behalf of Employers.
CONCLUSION
11flThe May 21, 2015 judgment is reversed to the extent it granted summary judgment in favor of Joshua and Jennifer Petrozziello and denied the motion for summary judgment filed on behalf of Employers Fire Insurance Company. Judgment is hereby rendered in favor of Employers Fire Insurance Company, granting its motion for summary judgment and dismissing with prejudice the remaining claims of the Petrozziellos. All costs of this appeal are assessed to Joshua and Jennifer Petrozziello.
REVERSED AND RENDERED; MOTION TO STRIKE GRANTED.[7]
Holdridge, J., agrees in part and dissents in part for reasons assigned.

. Because the record reflects that the parties have agreed upon a certain sum to be paid by Employers if the excess liability policy is applicable, resolution of this issue will end the case.

. Employers waived all other policy defenses and, for purposes of the cross-motions, agreed that Noway is an additional insured under the excess policy.

. The denial of a motion for summary judgment is an interlocutory judgment and is ap-pealable only when expressly provided by law. However, where there are cross-motions for summary judgment raising the same issues, this court can review the denial of a summary judgment in addressing the appeal of the granting of the cross-motion for summary judgment. See Crowe v. Bio-Med. Application of Louisiana, LLC, 14-0917 (La.App. 1 Cir. 6/3/16), 208 So.3d 473, 478 n.6, 2016 WL 3126425; MP31 Investments, LLC v. Harvest Operating, LLC, 2015-0766 (La.App. 1st Cir. 1/22/16), 186 So.3d 750, 755.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

. We note that Sanders subsequently addressed an employee-injury exclusion that was limited to employees of "the Insured,” holding the exclusion did not apply to the plaintiff's claim against an additional insured who was not the plaintiff’s employer. Sanders, 656 So.2d at 648-49, The court did not rely on the separation-of-insureds clause to reach that conclusion, and the case is distinguishable based on the policy language of "the insured.” See Bonin, 930 So.2d at 912-13; Osbon, 632 So.2d at 1159-60 (contrasting exclusions applicable to "the insured” rather than “any insured”),

. For additional jurisprudence from other jurisdictions addressing similar provisions, see Nautilus Insurance Company v. K. Smith Builders, Ltd., 725 F.Supp.2d 1219, 1229-30 (D. Haw. 2010); Argent v. Brady, 386 N.J.Super. 343, 354-55, 901 A.2d 419, 426-27 (App. Div. 2006); Bituminous Casualty Corporation v. Maxey, 110 S.W.3d 203, 212-14 (Tex. App. 2003); Michael Carbone, Inc. v. General Accident Insurance Co., 937 F.Supp. 413, 418-20 (E.D. Pa. 1996); contra Evanston Insurance Company v. Design Build Interamerican, Inc., 569 Fed.Appx. 739, 742-44 (11th Cir. 2014).

. Employers filed a motion in this court seeking to strike certain documents from the appellate record and to supplement the record to include certain other information. Shortly thereafter, the trial court signed an order directing the record be supplemented to include much of the information identified in Employers’ motion. The record was supplemented accordingly. As to any documents not addressed in the trial court’s order, Employers' motion to strike is granted.