STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0860

EDWARD A. SONGY, JR., CHIEF ADMINISTRATOR OF THE
SALES AND USE TAX DEPARTMENT OF THE IBERVILLE
PARISH COUNCIL

VERSUS

BAYOU BRIDGE PIPELINE, LLC; AND RILEY BERTHELOT, JR.,
IN HIS CAPACITY OF PARISH PRESIDENT OF WEST BATON
ROUGE PARISH, AND DEPARTMENT OF REVENUE &
TAXATION, WEST BATON ROUGE PARISH

Judgment Rendered: **FEB 1 9 2021**

* * * * *

On Appeal from the
18th Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Trial Court No. 78447

Honorable Elizabeth A. Engolio, Judge Presiding

* * * * *

Russell J. Stutes, Jr.  Attorneys for Plaintiff-Appellee,
Russell J. Stutes, III  Edward A. Songy, Jr., Chief
Lake Charles, LA  Administrator of the Sales and Use
  Tax Department of the Iberville
Edward A. Songy, Jr.  Parish Council
Plaquemine, LA

Wolfe, J. concurs

Patrick M. Amedee
Catherine Masterson
Thibodaux, LA

Attorneys for Defendant-Appellant,
Riley Berthelot, Jr., In his Capacity
as Parish President of West Baton
Rouge, and Department of Revenue
and Taxation, West Baton Rouge
Parish


Tedrick K. Knightshead
Sr. Special Assistant Parish Attorney
Jeffrey G. Rice
Special Assistant Parish Attorney
Baton Rouge, LA

Attorneys for Defendant-Appellee,
Marsha Hanlon, In her Official
Capacity as the Director of
Finance for the City of Baton Rouge
and Parish of East Baton Rouge

\* \* \* \* \*


BEFORE:  THERIOT, WOLFE, AND HESTER, JJ.

2

**HESTER, J.**

This tax case involves competing motions for summary judgment to determine the proper taxing authority between West Baton Rouge Parish and Iberville Parish for sales and use tax on pipe where the sale and storage of the pipe occurred in West Baton Rouge, and the pipe was used in Iberville. For the following reasons, we reverse the summary judgment granted by the trial court in favor of Iberville and grant summary judgment in favor of West Baton Rouge.

## FACTS AND PROCEDURAL HISTORY

Beginning in January 2015, Bayou Bridge Pipeline, LLC, ("Bayou Bridge') was involved in the construction and installation of a 161.56-mile pipeline beginning in St. James Parish and ending in Nederland, Texas. In connection with the construction of the pipeline, Bayou Bridge purchased pipe from Stupp Corporation ("Stupp"), a pipe manufacturer located in East Baton Rouge Parish. A portion of the pipe Bayou Bridge purchased from Stupp required concrete weight coating, and Stupp transported that pipe to a facility located in West Baton Rouge. After Stupp completed the concrete overcoat, Bayou Bridge was billed for the pipe, acquired title to the pipe and took possession of the pipe from Stupp in West Baton Rouge. The amount Stupp billed Bayou Bridge for the pipe included a portion of the state of Louisiana's sales tax, but did not include any West Baton Rouge sales tax. Thereafter, Bayou Bridge accrued and remitted the sales tax directly to West Baton Rouge.

As part of the construction of the pipeline, Bayou Bridge installed from March 2018 through December 2018, approximately 86,076.95 feet of pipe in Iberville including 70,660.25 feet of pipe from a facility located in West Baton Rouge and 15,403.75 feet of pipe from a facility located in East Baton Rouge. Pipe was not installed in West Baton Rouge or East Baton Rouge.

3

On November 13, 2018, Mr. Edward A. Songy, Jr., the chief administrator of the Sales and Use Tax Department of Iberville Parish filed a "Sales Tax Rule, Petition to Adjudicate Assessment Executory, and Petition for Refund" naming as defendants, Bayou Bridge; Mr. Riley Berthelot, Jr. in his official capacity as parish president of West Baton Rouge; and the Department of Revenue and Taxation of West Baton Rouge.[1] Iberville alleged that Bayou Bridge was doing business in Iberville and failed to remit sales and/or use tax on the pipe that was used and installed in Iberville. Iberville made West Baton Rouge a defendant to obtain a refund for any amount of sales and/or use tax erroneously paid to West Baton Rouge by Bayou Bridge for pipe installed in Iberville. Iberville contended that under LAC 72:I:503 and **Scientific Drilling Int'l., Inc. v. Meche**, 2009-1120 (La. App. 3rd Cir. 2/3/10), 29 So.3d 1283, writ denied, 2010-511 (La. 4/30/10), 34 So.3d 298, property imported into a taxing jurisdiction for storage purposes only is excluded from use tax by that taxing jurisdiction.

Bayou Bridge answered Iberville's suit and asserted a cross claim against West Baton Rouge asserting that if it erroneously paid sales and/or use taxes to West Baton Rouge that should have been paid to Iberville, then the erroneously paid sales and/or use taxes should be remitted by West Baton Rouge to Iberville.[2]

---

[1] Prior to filing suit, the Iberville Parish Sales Tax Department issued a "Notice of Intent to Assess" pursuant to La. R.S. 47:337.48(B) to Bayou Bridge for the tax period January 1, 2015 through June 30, 2018, stating that Bayou Bridge owed sales and/or use taxes totaling $234,304.74 for the pipe used in Iberville. Bayou Bridge submitted a written protest to the assessed amount and requested an administrative hearing. In its reasons for protest, Bayou Bridge stated that it paid sales taxes due to West Baton Rouge and East Baton Rouge based on the value of the pipe delivered to the respective parishes. Iberville rejected Bayou Bridge's written protest on the basis that Bayou Bridge's use of the pipe in Iberville subjected the value of the pipe to sales and use tax assessment by Iberville, and no tax was due where property was stored and earmarked for use in another parish, but not used in that parish.

[2] Bayou Bridge also asserted a third party complaint joining as defendant, Mrs. Marsha Hanlon, in her official capacity as the director of finance for the City of Baton Rouge, and the Parish of East Baton Rouge. Mrs. Hanlon in her official capacity responded by filing numerous exceptions including a declinatory exception raising the objection of lack of subject matter jurisdiction. In a judgment signed on September 24, 2019, the trial court sustained the exception of subject matter jurisdiction and dismissed the third party complaint.

West Baton Rouge also answered Iberville's suit contending that the sales and/or use taxes were properly paid to West Baton Rouge as title and possession of the tangible personal property passed in West Baton Rouge and the sale was consummated in West Baton Rouge.

On October 18, 2019, Bayou Bridge filed an unopposed motion for summary judgment contending that there was no evidence that Bayou Bridge acted in bad faith in connection with its payment of sales and/or use taxes in East Baton Rouge and West Baton Rouge. Accordingly, Bayou Bridge sought a credit in the amount of taxes paid to East Baton Rouge and West Baton Rouge against any use tax assessment by Iberville against Bayou Bridge.

On that same day, Iberville filed a motion for summary judgment contending that West Baton Rouge was liable to Iberville for taxes that West Baton Rouge collected on the pipe exclusively used in Iberville. In support of its motion for summary judgment, Iberville attached, among other documents, the La. Code Civ. P. art 1442 deposition of Bayou Bridge wherein a representative of Bayou Bridge, Mr. Aaron Perry, acknowledged that no pipe was installed in West Baton Rouge. Mr. Perry said that Stupp did not charge parish sales tax to Bayou Bridge, and Bayou Bridge voluntarily accrued and remitted taxes on the pipe purchased in West Baton Rouge to West Baton Rouge. In the deposition, Mr. Carey Farber, also a representative of Bayou Bridge, stated that Stupp worked on the pipe in West Baton Rouge, but Bayou Bridge did no additional work on the pipe in West Baton Rouge. Iberville also cited to West Baton Rouge Ordinance Sec. 78-86 titled "Exemptions and exclusions" arguing that the ordinance expressly excludes sales taxes for the sale of tangible personal property in West Baton Rouge to be used exclusively outside of West Baton Rouge's jurisdiction.

West Baton Rouge opposed Iberville's motion for summary judgment and filed a competing motion for summary judgment contending that since the situs of

5

the sale of the pipe was in West Baton Rouge and title and possession of the products transferred from Stupp to Bayou Bridge in West Baton Rouge, the taxable moment occurred in West Baton Rouge. In support of its motion for summary judgment, West Baton Rouge attached the affidavit of William Davis, the comptroller for Stupp who stated that some of the pipe required a concrete overcoat and was transferred to a "lay down yard" in West Baton Rouge and "[o]nce the concrete overcoat was inspected and accepted, Stupp Corp billed Bayou Bridge for the pipe, transportation and ... coating, at which time title and possession transferred to Bayou Bridge." West Baton Rouge also introduced the 1442 deposition of Bayou Bridge wherein Mr. Perry stated that Bayou Bridge took the risk of loss at the point title and possession of the pipe transferred to Bayou Bridge, which occurred in West Baton Rouge. Mr. Perry said that he believed that the sale occurred in West Baton Rouge. He pointed out that Bayou Bridge paid Stupp for storage of the pipe while awaiting issuance of permits because the title for the pipe had transferred to Bayou Bridge and the pipe was being stored in Stupp's laydown yard in West Baton Rouge. In the 1442 deposition of Bayou Bridge, Mr. Farber surmised that the pipe remained in West Baton Rouge for one year while awaiting permits.

Iberville opposed West Baton Rouge's motion for summary judgment. However, Iberville did not oppose Bayou Bridge's motion for summary judgment acknowledging that there was no evidence of bad faith by Bayou Bridge in paying taxes to West Baton Rouge. Bayou Bridge's motion for summary judgment was granted pursuant to La. R.S. 47:337.15(A)(3) and 47:337.86(A).[3] Bayou Bridge was

---

[3] Louisiana Revised Statutes 47:337.15(A) and 47:337.86(A) require that a taxing authority grant the taxpayer a credit against the use tax for sales or use tax previously paid by the taxpayer to another taxing jurisdiction on the same article of personal property. This credit prevents multiple taxation by taxing jurisdictions that the goods may move through following the out-of-state purchase. See **Word of Life Christian Ctr. v. West**, 2004-1484 (La. 4/17/06), 936 So.2d 1226, 1234. A use tax ordinarily serves to complement the sales tax by eliminating the incentive to make major purchases in States with lower sales taxes; it requires the resident who shops out-of-state to pay a use tax equal to the sales tax savings.

6

granted "a credit for sales and/or use taxes paid" to East Baton Rouge and West Baton Rouge for pipe installed in Iberville Parish and the petition filed by Iberville against Bayou Bridge was dismissed with prejudice.[4] Thus, the issue remaining for the trial court to determine, based on the competing motions for summary judgment was whether Iberville or West Baton Rouge was the proper taxing authority for taxes owed by Bayou Bridge.

After a hearing on Iberville and West Baton Rouge's competing motions for summary judgment, the trial court signed a judgment on December 6, 2019, granting Iberville's motion for summary judgment, denying West Baton Rouge's motion for summary judgment and ordering that "West Baton Rouge Parish is liable unto Iberville Parish in the amount of **$234,304.75** taxes erroneously paid by Bayou Bridge to West Baton Rouge Parish." In its written reasons for judgment, the trial court relied on section 78-86 in the West Baton Rouge Ordinances[5] to conclude that Bayou Bridge was exempt from paying taxes to West Baton Rouge.

West Baton Rouge filed a Motion for New Trial contending that the award rendered by the trial court in the amount of $234,304.75 included taxes paid by Bayou Bridge to both East Baton Rouge and West Baton Rouge.[6] After the motion for new trial was filed, Iberville and West Baton Rouge filed a Joint Stipulation on January 21, 2020, acknowledging that the original judgment included taxes paid by Bayou Bridge to East Baton Rouge, and that West Baton Rouge received

---

[4] The judgment states pursuant to La. R.S. 47:337.15(A) and 47:337.86(A), "Bayou Bridge Pipeline is hereby granted a credit for sales and/or use taxes paid to [East Baton Rouge] and [West Baton Rouge] for pipe installed in Iberville Parish and as the amount of the sales and use tax credits and the use taxes paid by Bayou Bridge Pipeline, LLC to Iberville Parish on the installation of pipe imported from Texas exceed the amount of the Iberville Parish use tax assessment" the demand filed by Iberville against Bayou Bridge is dismissed.

[5] Pursuant to the joint stipulation of the parties, the trial court took judicial notice of the parish ordinances, which were filed into the record.

[6] Additionally, West Baton Rouge contended that the ordinance relied on by the trial court only apply to a one-cent sales tax and does not control the other ordinances passed which makes up the balance of the 5% paid to West Baton Rouge by Bayou Bridge.

$192,368.84 from Bayou Bridge, which is the amount subject to the trial court's ruling. Thereafter, in a judgment signed on April 22, 2020, the trial court denied West Baton Rouge's motion for new trial. It is from the December 6, 2019 and April 22, 2020 judgments that West Baton Rouge appeals.[7]

## SUMMARY JUDGMENT

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact for all or part of the relief prayed for by a litigant. See La. Code Civ. P. art. 966(A)(3). A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate – whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Beer Industry League of Louisiana v. City of New Orleans**, 2018-0280 (La. 6/27/18), 251 So.3d 380, 386.

The burden of proof rests with the mover. La. Code Civ. P. art. 966(D)(1). When the mover will bear the burden of proof at trial, the mover has the burden of making a *prima facie* showing that no genuine issue of material fact remains. Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. See **Action Oilfield Services, Inc. v. Energy Management Co.**, 2018-1146 (La. App. 1st Cir.

---

[7] "[T]he established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment." **McKee v. Wal-Mart Stores, Inc.**, 2006-1672 (La. App. 1st Cir. 6/8/07), 964 So.2d 1008, 1013, writ denied, 2007-1655 (La. 10/26/07), 966 So.2d 583. However, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. **Bailey v. Robert V. Neuhoff Ltd. Partnership**, 95-0616 (La. App. 1st Cir. 11/9/95), 665 So.2d 16, 18, writ denied, 95-2962 (La. 2/9/96), 667 So.2d 534. This same principle allows review of the denial of the cross motion for summary judgment. See **Petrozziello v. Thermadyne Holdings Corp.**, 2015-1525 (La. App. 1st Cir. 2/17/17), 211 So.3d 1199, 1202 n.3, writ denied, 2017-0473 (La. 5/12/17), 219 So.3d 1104. Because appellant's challenge of the trial court's denial of their motion for new trial is part of the appeal from the final judgment, we may consider the issue on appeal.

8

4/17/19), 276 So.3d 538, 541-542. If, however, the mover does not resolve all material issues of fact, the burden never shifts to the opposing party. In that situation, the opposing party has nothing to prove in response to the motion for summary judgment, and summary judgment should be denied. **John River Cartage, Inc. v. Louisiana Generating, LLC**, 2020-0162 (La. App. 1st Cir. 3/4/20), 300 So.3d 437, 448.

If the mover will not bear the burden of proof at trial on the issue raised in the motion, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. **Pumphrey v. Harris**, 2012-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 89.

## LAW AND ANALYSIS

Sales and use taxes are complementary taxes. **Word of Life Christian Ctr. v. West**, 2004-1484 (La. 4/17/06), 936 So.2d 1226, 1232. The sales tax applies when the taxable transaction is consummated within the taxing jurisdiction. **Id**. The use tax applies when the transaction is consummated outside the taxing jurisdiction, and the goods are subsequently imported and used in the taxing jurisdiction. **Id**. The use tax is collected against a taxpayer's use, storage, or consumption of property, typically purchased out of state, that would have been subject to a sales tax

9

in the state of use had the goods been bought within the taxing jurisdiction. **Id**. at 1233.

Louisiana law imposes a tax upon the sale at retail, use, consumption, distribution and storage for use or consumption of tangible personal property in Louisiana. La. R.S. 47:302(A) and 47:331(A). Louisiana Revised Statute 47:301(12) defines "sale" as any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. Louisiana Revised Statute 47:301(16) defines "tangible personal property" as personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. Like the Louisiana statute, the West Baton Rouge ordinances provide for the imposition of a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage, for use or consumption of tangible personal property and upon the sale of services as presently defined in La. R.S. 47:301-47:317.

The evidence submitted by both parties in support of their motions for summary judgment revealed that the transfer of the title and possession of the pipe, which is tangible personal property, occurred in West Baton Rouge. In his deposition testimony, Mr. Perry stated that sale and delivery took place in West Baton Rouge. He pointed out that once Bayou Bridge was billed for the pipe, transportation, and coating, the risk of loss was transferred to Bayou Bridge in West Baton Rouge. Mr. Davis stated that once the coating was finished, Stupp billed Bayou Bridge for the pipe at which time title and possession transferred to Bayou

Bridge. As noted by Mr. Perry, once Bayou Bridge obtained possession of the pipe it paid Stupp for storage of the pipe. Thus, Bayou Bridge did not obtain title and possession of the pipe until Stupp completed the coating, and that occurred in West Baton Rouge. In its petition, Iberville relied on **Scientific Drilling**, which involved a use tax for storage of property purchased out of state; however, this case involves a sale at retail in West Baton Rouge. Under **Word of Life**, the sale at retail, a taxable moment, was consummated within West Baton Rouge, the taxing jurisdiction. Thus, we conclude that the point of sale and related taxable moment occurred in West Baton Rouge.

The transaction at issue herein involves the sale of tangible personal property in West Baton Rouge; therefore, the transaction is generally subject to taxation in West Baton Rouge unless it qualifies for either an *exemption* or an *exclusion* from taxation. A tax exemption is a provision that exempts from tax a transaction, which would, in the absence of the exemption, otherwise be subject to tax. An exclusion, on the other hand, relates to a transaction which is not taxable because it falls outside the scope of the statute giving rise to a tax, *ab initio*. **Tarver v. World Ship Supply, Inc.**, 615 So.2d 423, 426 (La. App. 4th Cir.), writ denied, 616 So.2d 672 (La. 1993).

Accordingly, we must now determine if West Baton Rouge intended to exempt sales tax in this scenario under Section 76-86(a)(7) of 1965 West Baton Rouge Ordinances. The statutory and jurisprudential rules for statutory construction and interpretation apply equally as well to ordinances, rules, and regulations. **LaMartina v. Louisiana Patient's Compensation Fund**, 2007-2281 (La. App. 1st Cir. 7/21/08), 993 So.2d 249, 253 n. 5. The starting point for the interpretation of any statute is the language of the statute itself. **Id.** at 253. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ. Code art. 9. The words of a law must be given

11

their generally prevailing meaning. La. Civ. Code art. 11. However, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. Civ. Code art. 12. Principles of judicial interpretation of statutes are designed to ascertain and enforce the intent of the legislature in enacting the statute. The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence or word becomes superfluous or meaningless. See **Barrilleaux v. NPC, Inc.**, 98-0728 (La. App. 1st Cir. 4/1/99), 730 So.2d 1062, 1065, writ denied, 99-1002 (La. 5/28/99), 743 So.2d 672. The fundamental question in all cases of statutory construction is legislative intent and the reasons that prompted the legislature to enact the law. **Palmer v. Louisiana State Bd. of Elementary & Secondary Educ.**, 2002-2043 (La. 4/9/03), 842 So.2d 363, 367.

The relevant section of the West Baton Rouge ordinance that Iberville contends excluded sales tax in West Baton Rouge from Bayou Bridge's purchase of pipe provides:

Sec. 78-86. - Exemptions and exclusions.

(a) The taxes imposed by this division shall not apply to the following:

(7) Property purchased for use outside the parish. There shall be no sales tax due upon the sale at retail of tangible personal property purchased within the parish for use exclusively beyond the territorial limits of the parish. If tangible personal property purchased tax free under the provisions of this section is later brought into the parish for use herein, use tax shall be due at the time it is brought into the parish, subject to the credit provided in section 78-85. If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a parish or municipality which imposes a sales or use tax, the **exemption** provided herein shall apply only if:

a. The purchaser is properly registered for sales and use tax purposes in a parish or municipality of use and regularly reports and pays the use tax in such other parish or municipality;

b. The parish or municipality in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that parish or municipality for use in the parish; and

12

c. The purchaser obtains from the director-department of revenue and taxation a certificate authorizing him to make the nontaxable purchases authorized under this section.

(Emphasis added.)

The West Baton Rouge ordinance references an exemption. As noted, a tax exemption is a provision that exempts from tax a transaction that would, in the absence of the exemption, otherwise be subject to tax. That is, there has been a statutory decision not to tax a certain transaction that is clearly within the authority of the taxing statutes to tax. Tax exemptions are strictly construed in favor of the taxing authority and must be clearly, unequivocally, and affirmatively established by the taxpayer. **Harrah's Bossier City Inv. Co., LLC v. Bridges**, 2009-1916 (La. 5/11/10), 41 So.3d 438, 446. Since Iberville is asserting that Bayou Bridge was exempt from sales and/or use tax in West Baton Rouge, it is their burden to prove that the exemption was clearly, unequivocally, and affirmatively established.

In our view, Iberville did not meet its burden. In reading the ordinance in its entirety and looking at all sections taken together, the plain language of the ordinance provides that Bayou Bridge qualifies for the exemption from taxation only if the conditions set out in subsections a, b, and c are established. Specifically, the statute provides that if the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a parish that imposes a sales or use tax, the exemption provided shall apply only if the listed criteria are established. Herein, the first use of the pipe occurred in Iberville, which imposes a sales tax. Therefore, to satisfy its burden on summary judgment Iberville had the burden of proving that Bayou Bridge was properly registered for sales and use tax purposes in a parish or municipality of use and regularly reports and pays the use tax in such other parish or municipality; that Iberville grants on a reciprocal basis a similar exemption on purchases within that parish or municipality for use in the parish; and that Bayou Bridge obtained from the director-department of revenue and

13

taxation a certificate authorizing him to make the nontaxable purchases authorized under this section.

The parties do not dispute that subsections b and c of the ordinance were not satisfied in the transaction herein. Iberville does not, on a reciprocal basis, have a similar exemption on purchases within Iberville, and Bayou Bridge did not obtain from the director-department of revenue and taxation a certificate authorizing it to make the nontaxable purchase. As pointed out by West Baton Rouge, Iberville has never issued a certificate authorizing an Iberville purchaser/taxpayer to remit use tax to another parish when the sale occurred in Iberville. Accordingly, we find Iberville did not meet its burden of proving on summary judgment that the tax exemption provided for in West Baton Rouge ordinance section 78-86 does applies herein. In further support of our holding, we find no basis for concluding that West Baton Rouge intended to unilaterally waive its right to sales tax while Iberville collects taxes with no reciprocal ordinance.

Therefore, we find the point of sale and related taxable moment occurred in West Baton Rouge, and Iberville did not meet its burden of proof on summary judgment that Bayou Bridge qualified for a tax exemption in the transaction at issue. Since we determined that West Baton Rouge is the proper taxing authority, we reverse the motion for summary judgment granted by the trial court in favor of Iberville, grant the motion for summary judgment filed by West Baton Rouge, and dismiss Iberville's claims against West Baton Rouge.

**CONCLUSION**

For the foregoing reason, we reverse the judgment of the trial court granting summary judgment in favor of plaintiff-appellee, Mr. Edward A Songy, Jr., chief administrator of the Sales and Use Tax Department of Iberville Parish. We render judgment granting defendant-appellant, Department of Revenue and Taxation of

14

West Baton Rouge's motion for summary judgment. Costs of the appeal in the amount of $7,090.50 are assessed to Mr. Songy, in his capacity as administrator of the Sales and Use tax Department of Iberville Parish.

**REVERSED AND RENDERED.**